IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED
2016 MAY -4 PM 2: 45

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | CRIMINAL NO. EP-15-CR-1946-FM |
| Plaintiff, | § § § | **SEALED** |
| v. | § § | **SUPERSEDING INDICTMENT** |
| | § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § § | **CT 1:** 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute; **CTS 2-5:** 21:841(a)(1)-Possession with Intent to Distribute a Controlled Substance; **CT 6:** 18:1956(h)-Conspiracy to Launder Monetary Instruments; **CTS 7-8:** 18:1956(a)(1)(B)(i)- Laundering of Monetary Instruments; **CT 9:** 18:1956(h)-Conspiracy to Launder Monetary Instruments; and **CT 10:** 21:846 & 841(a)(1)-Conspiracy to Possess a Controlled Substance with Intent to Distribute<br><br>**Notice of Government's Demand for Forfeiture** |
| LUIS CARRASCOREID,<br>    a.k.a. "Luis Carrascos""Luis Carrasco Reid" "Luis Ulysses Carrasco" "Negro" "El Pastor"(19), | | |
| Defendants. | | |

THE GRAND JURY CHARGES:

<u>**COUNT ONE**</u>
(21 U.S.C. §§ 846 & 841(a)(1) & 841(b)(1)(A)(vii))

That beginning on or about August 18, 2006 and continuing through and including on or about November 4, 2015, in the Western District of Texas, the Northern District of Texas, the District of Arizona, and elsewhere Defendants,

**LUIS CARRASCOREID, a.k.a. "Luis Carrascos" "Luis Carrasco Reid"
"Luis Ulysses Carrasco" "Negro" "El Pastor" (19),**

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved marijuana, a Schedule I Controlled Substance, with intent to distribute the same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

2

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing marijuana involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |

|  | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
|---|---|---|
|  | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
|  | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
|  | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
|  | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| **LUIS CARRASCOREID** | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
|  | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
|  | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |

All in violation of Title 21, United States Code, Section 846.

**COUNT TWO**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(vii))

That on or about November 29, 2010, in the Western District of Texas, Defendants,

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of

| | | |
|---|---|---|
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| | 1000 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(A)(vii) |
| **LUIS CARRASCOREID** | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
| | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |

All in violation of Title 21, United States Code, Section 846.

## COUNT TWO
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(vii))

That on or about November 29, 2010, in the Western District of Texas, Defendants,

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of

4

marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

**COUNT THREE**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(vii))

That on or about March 11, 2011, in the Western District of Texas, Defendants,

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

**COUNT FOUR**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(vii))

That on or about October 1, 2013, in the Western District of Texas, Defendant,

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

**COUNT FIVE**
(21 U.S.C. §§ 841(a)(1) & 841(b)(1)(B)(vii))

That on or about January 10, 2014, in the Western District of Texas, Defendants,

knowingly and intentionally possessed with intent to distribute a controlled substance, which offense involved 100 kilograms or more of a mixture or substance containing a detectable amount of

marijuana, a Schedule I Controlled Substance, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(B)(vii).

## COUNT SIX
### (18 U.S.C. § 1956(h))

From on or about August 18, 2006, and continuing through on or about November 4, 2015, in the Western District of Texas, the Northern District of Texas, the District of Arizona, and elsewhere, Defendants,

knowingly and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown to commit offenses against the United States, in violation of Title 18, United States Code, Section 1956, to-wit: to knowingly conducting and attempting to conduct financial transactions affecting interstate commerce and foreign commerce, which involved the proceeds of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846, knowing that the transactions were designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

All in violation of Title 18, United States Code, Section 1956(h).

## COUNT SEVEN
(18 U.S.C. §1956(a)(1)(B)(i))

That on or about February 16, 2011, in the Western District of Texas, and elsewhere, Defendants,



knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, Conspiracy to Possess a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Sections 846 and 841, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT EIGHT
(18 U.S.C. §1956(a)(1)(B)(i))

That on or about June 2, 2011, in the Western District of Texas, and elsewhere, Defendant,

knowingly conducted and attempted to conduct a financial transaction affecting interstate commerce and foreign commerce, which transaction involved the proceeds of specified unlawful activity, that is, Conspiracy to Possess a Controlled Substance with Intent to Distribute, in violation of Title 21, United States Code, Sections 846 and 841, knowing that the transaction was designed in whole or in part to conceal and disguise the nature, location, source, ownership, and control of the proceeds of specified unlawful activity, and that while conducting and attempting to conduct such financial transaction, knew that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT NINE
(18 U.S.C. § 1956(h))

From on or about August 18, 2006, and continuing through and including on or about November 4, 2015, in the Western District of Texas, the Northern District of Texas, the District of Arizona, and elsewhere, Defendants,

knowingly and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) to-wit: to knowingly conducting and attempting to conduct financial transactions affecting interstate commerce and foreign commerce involving the proceeds of specified unlawful activity, that is, Conspiracy to Possess with the Intent to Distribute a Controlled Substance, in violation of Title 21, United States Code, Section 846, with the intent to promote the carrying on of the same specific unlawful activity, knowing that the property involved in the financial transaction represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(h).

## COUNT TEN
(21 U.S.C. §§ 846 & 841(a)(1) & 841(b)(1)(A)(vii))

That beginning on or about February 22, 2016 and continuing through and including on or about April 4, 2016, in the Western District of Texas, the District of Arizona, and elsewhere, Defendants,

knowingly, intentionally, and unlawfully conspired, combined, confederated, and agreed together, and with others to the Grand Jury known and unknown, to commit offenses against the United States, in violation of Title 21, United States Code, Section 846, that is to say, they conspired to possess a controlled substance, which offense involved marijuana, a Schedule I Controlled Substance, with intent to distribute the same, contrary to Title 21, United States Code, Sections 841(a)(1) in the quantities set forth below:

**QUANTITY OF CONTROLLED SUBSTANCE INVOLVED IN THE CONSPIRACY**

The quantity of the mixture or substance containing marijuana involved in the conspiracy and attributable to each Defendant as a result of each Defendant's own conduct and as a result of the conduct of other conspirators reasonably foreseeable to each Defendant is as follows:

| DEFENDANT | QUANTITY | STATUTE |
|---|---|---|
|  | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |
|  | 100 kilograms or more of a mixture or substance containing a detectable amount of marijuana | 21 U.S.C. § 841(b)(1)(B)(vii) |

All in violation of Title 21, United States Code, Section 846.

**NOTICE OF GOVERNMENT'S DEMAND FOR FORFEITURE**
(21 U.S.C. § 853 and 18 U.S.C. § 982)

1.　As a result of the controlled substance offenses alleged in Counts One through Five and Counts Ten and Eleven of this Superseding Indictment, the United States of America gives notice to the Defendants,

ıvila (12),

**LUIS CARRASCOREID, a.k.a. "Luis Carrascos" "Luis Carrasco Reid" "Luis Ulysses Carrasco" "Negro" "El Pastor" (19),**

of its intent to seek forfeiture to the United States, pursuant to 21 U.S.C. § 853, of any and all property constituting, or derived from, any proceeds that said defendants obtained directly or indirectly as a result of said violations, and of any and all property used or intended to be used, in any manner or part, to commit, or to facilitate the commission of, such violations, including but not limited to the following:

    a.    A sum of United States Currency representing the amount of proceeds obtained as a result of the offenses, for which the defendants are jointly and severally liable;

    b.    Real property and appurtenances located at 14071 Desert Willow, El Paso, Texas 79938, with all improvements and attachments thereon;

    c.    Real property and appurtenances located at 9412 Montrose Court, El Paso, Texas 79925, with all improvements and attachments thereon;

    d.    Real property and appurtenances located at 9413 Montrose Court, El Paso, Texas 79925, with all improvements and attachments thereon;

    e.    All right, title and interest in Membership Certificate Number 3, Designated as Unit G, in Frontera Training Center, LLC, and any and all property traceable thereto; and

    f.    Approximately $279,900 in United States Currency seized on or about April 8, 2016, from a U-Haul storage facility located in Laveen, Arizona.

    2.    As a result of the offenses of money laundering and conspiracy to launder monetary instruments set forth in Counts Six through Nine of this Superseding Indictment, the United States of America gives notice to the Defendants,

of its intent to seek forfeiture to the United States, pursuant to 18 U.S.C. § 982(a)(1), of any and all property, real and personal, involved in such offenses, and any and all property traceable to such property, including but not limited to the following:

- a. A sum in United States Currency representing the amount of property involved in the offenses set forth in Counts Six through Eight, for which the defendants are jointly and severally liable;

- b. Real property and appurtenances located at 14071 Desert Willow, El Paso, Texas 79938, with all improvements and attachments thereon;

- c. Real property and appurtenances located at 9412 Montrose Court, El Paso, Texas 79925, with all improvements and attachments thereon;

- d. Real property and appurtenances located at 9413 Montrose Court, El Paso, Texas 79925, with all improvements and attachments thereon; and

- e. All right, title and interest in Membership Certificate Number 3, Designated as Unit G, in Frontera Training Center, LLC, and any and all property traceable thereto.

Substitute Assets Provision

If any of the above-described forfeitable property, as a result of any act or omission of the defendants:

- (1) cannot be located upon the exercise of due diligence;

- (2) has been transferred or sold to, or deposited with, a third person;

- (3) has been placed beyond the jurisdiction of the Court;

- (4) has been substantially diminished in value; or

- (5) has been commingled with other property which cannot be subdivided without difficulty;

11

it is the intent of the United States, pursuant to 21 U.S.C. § 853(p) and 18 U.S.C. § 982(b), to seek forfeiture of any other property of said defendants up to the value of the above forfeitable property.

A TRUE BILL ORIGINAL SIGNATURE
REDACTED PURSUANT TO
E-GOVERNMENT ACT OF 2002

FOREPERSON OF THE GRAND JURY

RICHARD L. DURBIN, JR.
UNITED STATES ATTORNEY

BY: _____
Assistant U.S. Attorney